UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QAD INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ST. JUDE MEDICAL, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 5:18-cv-05909-EJD<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION; STAYING ACTION**<br><br>Re: Dkt. No. 16 |

## I. INTRODUCTION

This is an action for copyright infringement. Defendant St. Jude Medical, LLC ("St. Jude Medical") moves to compel arbitration under the Federal Arbitration Act ("FAA"), or in the alternative, to dismiss the action. The court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the motion to compel arbitration will be granted.

## II. BACKGROUND[1]

Plaintiff QAD Inc. ("QAD") designs, develops, produces, and markets, through the granting of nonexclusive licenses, Enterprise Resource Planning ["ERP"] software and related products and support services. Compl. ¶ 3. In 1995, QAD and St. Jude Medical's corporate predecessor, St. Jude Medical, Inc. ("SJM") entered into an agreement to license QAD's software. Compl. Ex. A ("License Agreement"), ¶ 12.1. The License Agreement provided that SJM would receive "a non-exclusive license, for perpetual use," of certain software products created by QAD.

---

[1] The Background is a summary of the allegations in the Complaint that are relevant to the instant motion.

Case No.: 5:18-cv-05909-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION

1

*Id*. ¶ 2.1. The License Agreement was to remain in effect for ten years, but provided that the license would survive the termination of the License Agreement. *Id*. ¶ 12.1.

The License Agreement contained two other clauses that are relevant to St. Jude Medical's motion. First, the License Agreement contained an arbitration clause, which stated:

> Any dispute arising between the parties shall be settled by arbitration under the rules of the American Arbitration Association in Minneapolis, Minnesota, USA before a single arbitrator selected under those rules. The arbitral language shall be English. The arbitral award may be enforced in any court having jurisdiction thereof.

*Id.* ¶ 13.1 (emphasis added). Second, the License Agreement contained clauses restricting SJM's ability to assign and transfer the license. In section 13.6, the License Agreement stated that SJM "may not assign or transfer interest in a license granted under this Agreement without the prior written consent of QAD," which written consent "shall not be unreasonably withheld." *Id.* ¶ 13.6.

In 2005, QAD and SJM agreed to renew the License Agreement for another ten years. Comp. ¶ 25. At the end of this term, SJM elected not to renew the License Agreement. *Id*. ¶ 27. Although there was no further renewal, SJM retained its existing license to continue using QAD's custom software after the License Agreement expired in December of 2015. *Id*. ¶ 29.

In 2016, SJM entered into a merger that affected its ownership and corporate form. *Id*. ¶¶ 32-35. The merger was completed in two steps. *Id*. ¶ 34. SJM became a wholly-owned subsidiary of Abbott Laboratories and then changed its corporate form to become a limited liability company—St. Jude Medical. *Id*. ¶ 35. QAD alleges on information and belief that St. Jude Medical "survived the second merger as a wholly-owned subsidiary of Abbott" and that SJM "ceased to exist, with its assets, liabilities, and business operations having been transferred to" St. Jude Medical. *Id*. QAD alleges that neither SJM nor St. Jude Medical sought or obtained written consent of QAD for the transfer of any license granted under the License Agreement. *Id*. ¶¶ 36, 37.

QAD alleges that after SJM was "merged out of existence," St. Jude Medical began and has continued to use QAD software that had been licensed to SJM without QAD's consent. *Id*. ¶

Case No.: 5:18-cv-05909-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
2

39. QAD filed the instant lawsuit seeking damages for copyright infringement and injunctive relief.

**III. STANDARDS**

Under the Federal Arbitration Act ("FAA"), written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2 (2012). "[A]rbitration agreements [are] on an equal footing with other contracts," and therefore courts are required to enforce arbitration agreements according to their terms. *Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63, 67 (2010).

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). A district court's role is limited to determining two "gateway" issues: (1) whether the parties agreed to arbitrate and, if so, (2) whether the claims at issue are within the scope of that agreement. *See Brennan v. Opus Bank*, 796 F.3d. 1125, 1130 (9th Cir. 2015). If the party seeking arbitration meets these two requirements, the court must compel arbitration. 9 U.S.C. § 4; *Chiron*, 207 F.3d at 1130. To be arbitrable, the claims at issue need only "touch matters" covered by the contract containing the arbitration clause. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24–25 (1983).

**IV. DISCUSSION**

The parties do not dispute the validity of the License Agreement and the arbitration provision therein. Nor can it be reasonably disputed that the copyright infringement claim "touches matters" covered by the License Agreement. QAD's Complaint is replete with references to the transfer and assignment provisions of the License Agreement. Further, QAD argues repeatedly that the merger between Abbott and SJM violated those provisions. Compl. ¶¶ 22, 38; Opp. 10:24-26; 13:11-12; 17:13-14.

The only issue is whether the claim at issue is within the scope of the arbitration provision. St. Jude Medical contends that the dispute falls within the scope of the arbitration provision because it presents a dispute "between the parties" to the License Agreement. St. Jude Medical reasons that it is the successor-in-interest to the entity that received a perpetual license to use QAD's software under the License Agreement, SJM, and that SJM's merger does not vitiate QAD's commitment to arbitrate disputes involving the License Agreement. QAD contends that St. Judge Medical is not a "party" to the License Agreement, and that there is nothing in the License Agreement indicating any intent to extend the scope of the arbitration provision to anyone other than the parties to the License Agreement.

The right to compel arbitration stems from a contractual right. *Britton v. Co-op Banking Group*, 4 F.3d 742,744 (9th Cir. 1993). "That contractual right may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Id*. (citing *Lorber Indus. of California v. Los Angeles Printworks Corp.,* 803 F.2d 523, 525 (9th Cir.1986)). Nevertheless, a successor in interest to a party subject to an arbitration agreement may compel the other party to the agreement to arbitrate. *Tech & Intellectual Prop. Strategies Grp. PC v. Insperity, Inc.*, No. 12-3163 LHK, 2012 WL 6001098, at *10 (N.D. Cal. Nov. 29, 2012).

Here, St. Jude Medical has presented uncontroverted evidence that it is SJM's successor in interest. As a successor in interest, St. Jude Medical may enforce the arbitration clause against QAD. *See Adams v. AT & T Mobility, LLC*, 524 F. App'x 322, 324 (9th Cir. 2013) (holding that parent company of successor to wireless contract could invoke arbitration agreement); *Galbraith v. Resurgent Capital Servs.*, No. 05-2133 KJM, 2006 WL 2990163, at *1 (E.D. Cal. Oct. 19, 2006) (finding non-signatory "successors in interest" could enforce arbitration agreement); *see also John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 551 (1964) (enforcing union's arbitration agreement signed by corporate employer against entity with which employer merged). To the extent there is any doubt about whether St. Jude Medical is a successor in interest, this court upholds the federal presumption in favor of arbitration. *See QAD, Inc. v. Conagra Foods, Inc.*, No. 11-5162 ODW, 2011 WL 4964914 (C.D. Cal. Oct. 18, 2011) (upholding federal presumption

Case No.: 5:18-cv-05909-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
4

in favor of arbitration because, among other things, defendant had merged with party to arbitration agreement and was "arguably the successor in interest").

Lastly, QAD contends that the arbitration provision cannot be invoked here because the License Agreement ended on December 20, 2015. The argument is unpersuasive. Courts routinely enforce arbitration clauses in expired contracts. *See e.g. Litton Fin. Printing Div., a Div. of Litton Bus. Sys., Inc. v. NLRB*, 501 U.S. 190, 193 (1991) (establishing presumption in favor of post-expiration arbitrability and holding that a post-expiration dispute is arbitrable where "a dispute has its real source in the contract"). The *Litton* court explained that arbitration may be compelled after the expiration of a contract where (a) the dispute involves facts and occurrences that arose before expiration of the contract, (b) where an action taken after expiration infringes a right that accrued or vested under the agreement, or (c) where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. *Id.* at 206. This case presents all three circumstances. First, this case involves the license granted in 1995, well before the expiration of the License Agreement in 2015. Second, this case includes allegations about post-expiration conduct—SJM's merger into Abbott—and the effect of that conduct, if any, on the license granted under the License Agreement. Third, this case involves a contractual right that survives the expiration of the License Agreement, namely, the scope and ostensible restrictions of the license granted under the License Agreement.

V. **CONCLUSION**

For the reasons set forth above, St. Jude Medical's motion to compel arbitration is GRANTED. The matter is stayed pending arbitration. The Clerk shall administratively close the file.

**IT IS SO ORDERED.**

Dated: July 8, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-05909-EJD
ORDER GRANTING MOTION TO COMPEL ARBITRATION
5